[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
The case is before the Court on plaintiff's motion for summary judgment and on defendant's motion for summary judgment.
Plaintiff avers that in March 1990 she and decedent Thomas C. Archambault executed a promissory note in connection with their purchase of a condominium in Middletown, that Thomas C. Archambault died on or about August 30, 1990, and that she, as surviving joint tenant, succeeded to his interest in the condominium. She filed a claim against decedent's estate for one half of the sums paid on the mortgage note since decedent's death and contingent claim for one half of the future payments required to be made to discharge the note. Defendant disallowed the claim and plaintiff seeks contribution from the estate for one half the amount which she pays under the note. Defendant admitted most of the averments but denied knowledge as to plaintiff having paid a certain sum between Archambault's death and the filing of the lawsuit, and denied her right to contribution from the estate. It is undisputed that plaintiff was beneficiary of a substantial life insurance policy, payable to her on Archambault's death. Also undisputed is the inclusion by the defendant in the estate tax return of a real estate encumbrance for one half of a note yet to be paid.
The Court considers the case as presenting a pure question of law which has not yet been decided in Rhode Island. Plaintiff's memorandum, with cases cited, persuades the Court that the better reasoned cases from other jurisdictions give the right of contribution to a surviving joint tenant in circumstances here present. Memoranda of counsel will be retained in the file.
Defendant's motion is denied.
Plaintiff's motion is granted in part, and the clerk will enter judgment thereon for plaintiff on the issue of liability only.
The Court holds there is no just reason for delay and expressly directs entry of final judgment.
Plaintiff's proof of claim is continued for further consideration, should the liability issue finally be resolved in her favor.